UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK T. FLANNERY, | ) | CASE NO. 1:05CV2210 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| JULIUS WILSON, | ) | MEMORANDUM AND OPINION |
| | ) | |
| Respondent | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. # 8), recommending denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is Accepted and Adopted.

### Procedural History

On April 17, 2000, Flannery entered a plea of guilty to one count of Theft, two counts of Forgery, and one count of Failure to Comply with an Order or Signal of a Police Officer. Flannery was sentenced to three years of community control sanction with the condition that he complete a Crosswaeh CBCF Program. Flannery refused to complete the program, and instead, asked to be incarcerated. On July 27, 2000, Flannery was sentenced to eight years of incarceration, pursuant to his request.

On November 9, 2000, Flannery's Motion for Judicial Release was granted, suspending his

1

remaining prison sentence and placing him on three years probation. On September 12, 2001, Flannery plead guilty to violating the terms of his probation. He was again placed on probation, but this time with the added condition that he complete the Crosswaeh CBCF Program. Flannery violated the terms of his probation once again, and on May 2, 2002, he plead guilty to all probation violations. In response, the trial court revoked his probation and resentenced him to eight years of incarceration.

On March 25, 2004, Flannery filed a Motion for Leave to File a Direct Appeal in the Third District Court of Appeals. On April 22, 2004, the Court of Appeals denied Flannery's motion for not showing sufficient reason for his failure to file a timely notice of appeal. On September 29, 2005, Flannery appealed the Court of Appeals' decision; however, the Ohio Supreme Court declined to hear the case because it lacked appropriate jurisdiction.

On September 20, 2005, Flannery filed a Writ of Habeas Corpus. Wilson filed a Motion to Dismiss, to which Flannery responded shortly thereafter. On March 7, 2006, the Magistrate Judge filed a Report and Recommendation, recommending the Court grant Wilson's Motion to Dismiss Flannery's Petition as time barred.

## Standard of Review

Rule 8(b)(4) of the Rules Governing Section 2254 cases in the United States District Court states:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

However, if the petitioner has not filed an objection, then the district court does not need

2

to review the magistrate's recommendation *de novo*. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Because *de novo* review is not required, the Court will review the Magistrate Judge's Report and Recommendation for clear error.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the following time restraints:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A habeas petition that does not comply with the one-year period of limitation set forth in § 2244(d)(1) must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-695 (6th Cir. 2000). The one-year period begins when the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A judgment

3

becomes final within thirty days of the state trial court's judgment if the prisoner fails to file a timely appeal in the state court. Ohio R. App. Proc. § 4(A).

Here, Flannery plead guilty to his probation violations on May 2, 2002, and was resentenced to eight years of imprisonment. Flannery had thirty days from that date to file a notice of appeal. Ohio R. App. Proc. § 4(A). He missed that deadline; thus, his judgment became final on June 1, 2002. *Id.* Flannery then had one year, until June 1, 2003, to apply for a Writ of Habeas Corpus. 28 U.S.C. § 2244(d)(1)(A). However, Flannery did not file his Motion for a Delayed Appeal until March 25, 2004, and he did not file his Writ of Habeas Corpus until September 20, 2005.

Motions that toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2) do not revive the limitations period. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Thus, "a petitioner cannot indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court." *Id.* at 516. Flannery only had until June 1, 2002, to file a notice of appeal. Once that deadline passed, he became unable to extend the AEDPA's one-year period of limitations by filing a delayed appeal.

Objections to a Report and Recommendation must be filed within ten days of receipt of notice. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Failure to file an objection within the ten days waives the right to appeal the District Court's order. *Id.* Here, the Report and Recommendation was filed on March 7, 2006. Flannery had ten days to object to the Magistrate Judge's Report and Recommendation. Computing time pursuant to Fed. R. Civ. P. 6, Flannery had until March 24, 2006, to file an objection. He never filed an objection; thus, he waived his right to appeal the Report and Recommendation.

## CONCLUSION

Flannery had until June 1, 2003, to apply for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). However, he filed both his Motion for a Delayed Appeal and his Writ of Habeas Corpus after the AEDPA's one-year period of limitation had expired. Flannery cannot use 28 U.S.C. § 2244(d)(2), because once the limitations period has expired, it cannot be revived. Flannery could have raised objections to the Magistrate Judge's Report and Recommendation by March 24, 2006. However, no objection was filed.

Therefore, the Court ACCEPTS the Magistrate Judge's Report and Recommendation and adopts and incorporates the Magistrate Judge's findings. Flannery's Writ of Habeas Corpus is dismissed as time barred.

Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_6/5/06_
Date

_Christopher A. Boyko_
CHRISTOPHER A. BOYKO
United States District Judge